**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-6690

MICHAEL D. WALLACE,

Plaintiff - Appellant,

versus

COLLETON COUNTY SHERIFF'S OFFICE; SOUTHERN
HEALTH PARTNERS,

Defendants - Appellees.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Henry M. Herlong, Jr., District
Judge.  (3:05-cv-01458-HMH)

Submitted: September 28, 2006        Decided: October 6, 2006

Before NIEMEYER, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael D. Wallace, Appellant Pro Se.  Christy Scott Stephens,
BOGOSLOW, JONES, STEPHENS & DUFFIE, P.A., Walterboro, South
Carolina; Elliott T. Halio, HALIO & HALIO, Charleston, South
Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Michael D. Wallace appeals the district court's order denying relief on his 42 U.S.C. § 1983 (2000) complaint. The district court referred this case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) (2000). The magistrate judge recommended that relief be denied and advised Wallace that failure to file timely objections to this recommendation could waive appellate review of a district court order based upon the recommendation. Despite this warning, Wallace failed to object to the magistrate judge's recommendation.

The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); see also Thomas v. Arn, 474 U.S. 140 (1985). Wallace has waived appellate review by failing to timely file specific objections after receiving proper notice. Accordingly, we affirm the judgment of the district court.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 2 -